UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSE RODRIGUEZ,                                                   Case No.

                        Plaintiff,

      -vs.-

                                        **COMPLAINT**

FLOWERAMA, INC. d/b/a THE PETAL
PUSHER, SYDNEE K. ABEL and
WILLIAM MARTINEZ,

                        Defendants.
------------------------------------------------------------X

      Plaintiff, JOSE RODRIGUEZ, by and through his attorneys, the LAW OFFICES OF WILLIAM CAFARO, complaining of the Defendants, hereby allege as follows:

### ***THE PARTIES***

      1.     Plaintiff, JOSE RODRIGUEZ, (hereinafter "Mr. Rodriguez" or "Plaintiff") is an individual residing in Hazleton, PA.

      2.     Upon information and belief, Defendant FLOWERAMA, INC. d/b/a THE PETAL PUSHER, (hereinafter "The Petal Pusher") was and is a domestic business corporation whose principal place of business is located at Pennsylvania Station Plaza, L.I.R.R. Concourse Level, New York, NY 10001.

      3.     Upon information and belief, Defendant SYDNEE K. ABEL, (hereinafter "Abel") is an individual, whose actual place of business is located at Pennsylvania Station Plaza, L.I.R.R. Concourse Level, New York, NY 10001.

4. Upon information and belief, at all times herein pertinent, Defendant Abel, served as a principal, officer and/or manager of Defendant The Petal Pusher.

5. Upon information and belief, Defendant WILLIAM MARTINEZ, (hereinafter "Martinez") is an individual, whose actual place of business is located at Pennsylvania Station Plaza, L.I.R.R. Concourse Level, New York, NY 10001.

6. Upon information and belief, at all times herein pertinent, Defendant Abel, served as a principal, officer and/or manager of Defendant The Petal Pusher.

7. Upon information and belief, for the calendar year 2013 the gross receipts of The Petal Pusher were not less than $500,000.00.

8. Upon information and belief, for the calendar year 2014 the gross receipts of The Petal Pusher were not less than $500,000.00.

9. Upon information and belief, for the calendar year 2015 the gross receipts of The Petal Pusher were not less than $500,000.00.

10. Upon information and belief, for the calendar year 2016 the gross receipts of The Petal Pusher will not be less than $500,000.00.

## *JURISDICTION AND VENUE*

11. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and related New York State Department of Labor regulations.

12. Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *FACTUAL ALLEGATIONS*

13. At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

14. At all times herein pertinent, and in the course of his duties, Plaintiff regularly handled products which had been moved in commerce including, but not limited to, flowers and scissors.

15. Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to any matters of significance.

16. The Petal Pusher operates as a flower shop.

17. Mr. Rodriguez was employed by the Defendants from on or about September 15, 2010 until on or about June 18, 2016.

18. Mr. Rodriguez was assigned various duties including, but not limited to, cutting and removing thorns from flowers, making floral arraignments, and making local floral deliveries on foot.

19. From the beginning of his employment until on or about May 31, 2012, Mr. Rodriguez worked Mondays through Fridays, inclusive, from 12:00PM until 8:00PM and Saturday through Sunday, inclusive, from 10:00AM until 6:00PM.

20. From on or about June 1, 2012 until on or about December 31, 2013, Mr. Rodriguez worked Mondays, Wednesdays, Thursdays, Thursdays, and Fridays, from 12:00PM until 8:00PM and Saturdays and Sundays from 9:00AM until 6:00PM.

21. From on or about January 1, 2014 until his departure, Mr. Rodriguez worked Mondays, Tuesdays, Wednesdays, and Fridays, from 7:00AM until 3:00PM and Saturdays and Sundays from 9:00AM until 6:00PM.

22. From the beginning of his employment until May 31, 2012, Mr. Rodriguez was paid $390.00 per week. From June 1, 2012 until December 31, 2013 Mr. Rodriguez was paid $360.00 per week. From January 1, 2014, until December 31, 2014, Mr. Rodriquez was

paid $400.00 per week.  From January 1, 2015 until December 31, 2015, Mr. Rodriguez was paid $440.00 per week.  From January 1, 2016 until his termination, Mr. Rodriguez was paid $450.00 per week.

23. The Defendants paid Mr. Rodriguez in cash.

24. Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but did not receive any overtime premium of one and one half times his regular rate of pay for those hours.

25. Upon information and belief, Defendants Abel and Martinez had the power to hire employees at The Petal Pusher.

26. Upon information and belief, Defendant Martinez hired Plaintiff on or about the September 15, 2010.

27. Upon information and belief, Defendants Abel and Martinez had the power to fire employees at The Petal Pusher.

28. Defendant Martinez controlled the terms of the Plaintiff's employment in that he would tell him what tasks to complete and on what time frame they needed to be completed.

29. Upon information and belief, Defendants Abel and Martinez controlled the work schedule of all of the employees of The Petal Pusher.

30. Upon information and belief, Defendant Martinez controlled the work schedule of the Plaintiff.

31. Upon information and belief, Defendants Abel and Martinez controlled the rates and methods of payment of each of the employees of The Petal Pusher, including the Plaintiff's pay rate and methods of pay.

32. At all times herein pertinent, the Plaintiff performed his duties for the Defendant The Petal Pusher, at the direction and under the control of Defendants Abel and Martinez.

33. Upon information and belief, and at all times herein pertinent, Defendants Abel and Martinez, exercised close control over the managerial operations of The Petal Pusher, including the policies and practices concerning employees.

34. At all times herein pertinent, Defendants Abel and Martinez, controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of The Petal Pusher in general, and with respect to the Plaintiff in particular.

35. At all times herein pertinent, Defendants Abel and Martinez acted as Plaintiff's employer within the meaning of the FLSA and the New York State Labor Law.

36. The Defendants did not create or maintain records showing the precise number of hours Plaintiff worked or of wages he earned.

37. Plaintiff alternatively alleges that Defendants created records showing the number of hours Plaintiff worked and/or of wages he earned but upon information and belief, have not maintained them as required by law.

38. Defendants failed to furnish Plaintiff with proper annual wage notices, as required by the NYLL.

39. Defendants failed to furnish Plaintiff with a proper statement with every payment of wages, as required by the NYLL.

### *AS AND FOR A FIRST CAUSE OF ACTION*
### *FEDERAL FAIR LABOR STANDARDS ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PAY OVERTIME)*

40. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

41. Defendants were required to directly pay the Plaintiff an overtime premium of one and one half times the Plaintiff's regular rate of pay for all hours worked over forty (40) in a given workweek.

42. Defendants failed to pay Plaintiff the overtime wages to which the Plaintiff is entitled under the FLSA.

43. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### AS AND FOR A SECOND CAUSE OF ACTION
### STATE WAGE AND HOUR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PAY OVERTIME)

44. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

45. Defendants have failed to pay Plaintiff the overtime premium of one and one half times the Plaintiff's regular rate of pay for all hours worked above forty in a given work week, to which the Plaintiff is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

46. The Defendants herein knowingly and in bad faith violated Articles 6 & 19 of the New York State Labor Law and supporting New York State Department of Labor regulations by failing to pay the Plaintiff overtime pay at the premium rate of one and one half times Plaintiff's regular rate of pay.

### *AS AND FOR A THIRD CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PROVIDE ANNUAL WAGE NOTICES)*

47. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

48. Defendants have willfully failed to furnish the Plaintiff with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

49. Through their knowing or intentional failure to provide the Plaintiff with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

### *AS AND FOR A FOURTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PROVIDE WAGE STATEMENTS)*

50. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

51. Defendants have willfully failed to furnish the Plaintiff with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

52. Through their knowing or intentional failure to provide the Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

**WHEREFORE**, Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

    a) awarding back pay for overtime pay due and owing to the Plaintiff;

    b) Declaring that Defendants violated the provisions of the NYLL relating to notice and record keeping requirements regarding employees, and awarding

Plaintiff statutory damages and any other relief authorized under the NYLL for violations of those requirements;

c) awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

d) awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

e) awarding any other relief this Court deems just, proper and equitable.

Dated: New York, New York
July 14, 2016

                                          Respectfully submitted,
                                          LAW OFFICES OF WILLIAM CAFARO

                                          Amit Kumar (AK0822)
                                          Attorneys for Plaintiff
                                          108 West 39th Street, Suite 602
                                          New York, New York 10018
                                          (212) 583-7400
                                          AKumar@Cafaroesq.com
                                          Our File No.: 52902-NYB

To:

FLOWERAMA, INC. d/b/a THE PETAL PUSHER
Pennsylvania Station Plaza, L.I.R.R. Concourse Level
New York, NY 10001

SYDNEE K. ABEL
Pennsylvania Station Plaza, L.I.R.R. Concourse Level
New York, NY 10001

WILLIAM MARTINEZ
Pennsylvania Station Plaza, L.I.R.R. Concourse Level
New York, NY 10001

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSE RODRIGUEZ,                                              Case No.

                        Plaintiff,

    -vs.-

FLOWERAMA, INC. d/b/a THE PETAL
PUSHER, SYDNEE K. ABEL and
WILLIAM MARTINEZ,

                        Defendants.
------------------------------------------------------------X

## COMPLAINT

LAW OFFICES OF WILLIAM CAFARO
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
File No. 52902-NYB